IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DOUGLAS JOSEPH CHYATTE, <br><br> Plaintiff, <br><br> vs. <br><br> MISSOULA COUNTY, et al., <br><br> Defendants | CV 13-174-M-JCL <br><br><br> ORDER |

Plaintiff Douglas Chyatte, an inmate proceeding in forma pauperis and without counsel has filed a Motion to Certify for Interlocutory Appeal (Doc. 136) and a Motion for Reconsideration (Doc. 135). Both motions will be denied.

**I. Interlocutory Appeal**

Pursuant to 28 U.S.C. § 1292(b), an otherwise non-final order may be subject to interlocutory appeal if the district court certifies, in writing, the following: (1) the order involves a "controlling issue of law," (2) the controlling issue of law is one to which there is a "substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court of Appeals then decides if it will hear the interlocutory appeal. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978) ("[E]ven if the district judge

1

certifies the order under § 1292(b), the appellant still 'has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.' ").

An issue is "controlling" if its resolution on appeal "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). As the Ninth Circuit has noted, "the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation ." *Id.*

Chyatte seeks an interlocutory appeal of three non-final orders: (1) the dismissal of Defendants Munsell and Jensen, (2) the denial of Chyatte's motions for the appointment of counsel, and (3) the denial of Chyatte's motion to amend his claims.

### A. Dismissal of Jensen and Munsell

Chyatte first seeks to appeal the Court's dismissal of Defendants Jensen and Munsell in its Order on Defendants' Motions for Summary Judgment (Doc. 76). Defendant Jensen was dismissed because he had never been served. There has never been a representation by the Court or Defendants that Defendant Jensen was

served. Defendant Jensen was not included in the Missoula County's Waiver of Service of Summons form (Doc. 14) and no Answer was filed on behalf of Defendant Jensen (Docs. 17, 20). Had Chyatte wanted further assistance regarding the service of Defendant Jensen, he needed to request such from the Court. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991)("An IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service.")

Jensen has never been made a party to this action. As such, the Court's dismissal of Jensen does not involve a "controlling issue of law," there is no "substantial ground for difference of opinion," and an immediate appeal of this issue would not advance the ultimate termination of the case.

Similarly, there is no basis upon which to allow an interlocutory appeal of the dismissal of Defendant Munsell. Defendant Munsell was dismissed because Chyatte represented in a pleading that he misrepresented another individual as Defendant Munsell in his Complaint. (Reply to Motion to Amend, Doc. 56 at 5.) He now argues that Defendant Munsell was still responsible for a number of transgressions and should not have been dismissed. In effect, Chyatte argues there was a factual misinterpretation of the issues. He does not, however, argue or establish that the Court's Order involved a "controlling issue of law," that there is a

"substantial ground for difference of opinion," or that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Chyatte did file an objection to this ruling (Doc. 115) but that objection consisted of one sentence stating, "FNP Munsell was involved in the discontinuation and withholding of Chyatte's medications." (Plaintiff's Fifth Objection, Doc. 115 at 1.) There was no clear basis for the objection and it was filed on December 1, 2015, nearly two and a half months after the Court's ruling on the Motions for Summary Judgment and just one month prior to the scheduled trial date. Chyatte's request for an interlocutory appeal on these issues will be denied.

### B. Appointment of Counsel

Chyatte next seeks to appeal the denial of his various motions for the appointment of counsel. The Ninth Circuit lacks jurisdiction over interlocutory appeals for appointment of counsel in civil cases under 28 U.S.C. § 1915(e)(1). *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir.1986) ("Because the denial of counsel in a civil rights action ... does not resolve an important issue completely separate from the merits . . . , the order . . . is not immediately appealable."); *Akmal v. Centerstance, Inc.*, 503 F. App'x 538, 538 (9th Cir. 2013) ("[W]e lack jurisdiction because the district court's denial of [the plaintiff's]

request for counsel is not immediately appealable.") (*citing Kuster v. Block*, 773 F.2d 1048, 1049 (9th Cir.1985) ("[B]ecause the order of the district court does not resolve an important issue entirely separate from the merits of appellant's case, we must dismiss for lack of jurisdiction."). Therefore, Chyatte's request for an interlocutory appeal on this issue will be denied.

### C. Motion to Amend

Chyatte also seeks to appeal the Court's Order denying his motion to file a second amended complaint (Doc. 34). Chyatte filed this motion on April 3, 2015. The motion was denied because it was filed after the March 23, 2015 discovery deadline and well beyond the November 21, 2014 amended pleadings deadline. (Doc. 52.)

This Order did not involve a controlling issue of law. There is not a substantial ground for difference of opinion regarding whether a court can require parties to abide by scheduling orders and an immediate appeal of this order would not advance the termination of the litigation, rather it would extend it exponentially. The Court will not grant an interlocutory appeal on this issue.

## II. Motion for Reconsideration

In his Motion for Reconsideration, Chyatte asks the Court to reconsider the denial of his motion to reschedule the trial. (Doc. 135.) He represents that he now

has counsel willing to represent him in this matter but counsel requires three months to prepare for trial. He also argues that in light of his Motion to Certify an Interlocutory Appeal, the trial date should be stayed. As set forth above, Chyatte's motion to certify this matter for interlocutory appeal will be denied. Furthermore, the fact that counsel may be willing to represent Chyatte at a trial in three months time does not provide sufficient justification for vacating the trial date. This matter has been ongoing for more than two years and it deals with incidents which occurred more than three years ago. Chyatte has had more than sufficient time to obtain counsel and yet he did not provide the Court received notice of this potential counsel until less than one week before trial. The Court will not delay this matter further.

Accordingly, the Court issues the following:

**ORDER**

1. Chyatte's Motion for Reconsideration (Doc. 135) is denied.

2. Chyatte's Motion to Certify Interlocutory Appeal (Doc. 136) is denied.

DATED this 29th day of December, 2015.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate