IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
FEB 0 9 2016
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| DOUGLAS JOSEPH CHYATTE, | CV 13-174-M-JCL |
| Plaintiff, | |
| vs. | ORDER |
| MISSOULA COUNTY, et al., | |
| Defendants | |

Pending is Plaintiff Douglas Chyatte's Motion for Transcripts. (Doc. 160.) Chyatte requests that the transcripts of the trial in this matter be provided at the government's expense.

A litigant who has been granted leave to proceed in forma pauperis on appeal may move to have transcripts produced at government expense. 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"), *overruled on other grounds by Heller v. McKinney*, 502 U.S. 903 (1991).

28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts if "if the trial judge or a circuit judge certifies that the appeal is not

1

frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

Although Chyatte indicates there are a number of issues he intends to raise on appeal, the Court only finds that there may be a substantial question regarding two claims. First, Chyatte indicates he intends to raise a claim regarding whether the trial court provided an appropriate adverse inference instruction regarding the use of force. (Brief in Support of Motion for Transcripts, Doc. 161 at 10-12.) There may be a substantial question regarding this claim and the transcripts of trial testimony may be necessary to present an effective appeal on this issue.

Chyatte also seeks to raise an issue regarding whether the Court should have granted a mistrial after counsel for defendants played what Chyatte characterizes as a "highly inflammatory, highly prejudicial" audio recording. (Brief in Support of Motion for Transcripts, Doc. 161 at 12-7-8.) There may be a substantial question regarding this claim as well and the transcripts of trial testimony may be necessary to present an effective appeal on this issue.

Given the issues raised at trial and the factual disputes at issue, the Court cannot say that an appeal would not be taken in good faith and it appears the

transcript of the trial (excluding voir dire) would be needed to decide the above two issues raised on appeal.

Accordingly, IT IS HEREBY ORDERED that Chyatte's Motion for Transcripts (Doc. 160) is granted. The transcript of voir dire however, is not necessary to the appeal and need not be produced.

Dated this 9th day of February, 2016.

_____
Jeremiah C. Lynch
United States Magistrate